ADDIE I. YOUNG, Appellant, v. KANSAS CITY LIFE INSURANCE COMPANY.—43 S. W. (2d) 1046.

Division Two, December 1, 1931.

A. E. Watson and Daniel C. Ketchum for appellant.

132

*Frank W. McAllister, Stanley Bassett* and *LeRoy Williams* for respondents.

WHITE, P. J.—The plaintiff by her guardian, November 10, 1928, filed in the Circuit Court of Jackson County her petition as follows:

*"First Amended Petition in Equity.*

"Now comes Daniel C. Ketchum and shows to the court that on June 5, 1928, he was duly appointed by the Probate Court of Jackson County, Missouri, at Kansas City, as the guardian and curator of the person and estate of Addie I. Young, a person adjudged to be of unsound mind, and that he is now the duly qualified and acting guardian and curator as aforesaid.

"That on and prior to November 10, 1927, said Addie I. Young was the owner of a parcel of real estate in Kansas City, Jackson County, Missouri, known and described as the south twenty-nine

(29) feet of Lot Eight (8) and the north twenty-one (21) feet of Lot Nine (9), Block Two (2), Worcester Park, a subdivision in Kansas City, Missouri, according to the recorded plat thereof; that on said date there was of record a deed of trust covering said property, dated July 20, 1923, recorded in Book B-2380, at page 520, of the records of the Recorder of Deeds of Jackson County, Missouri, at Kansas City, conveying said property to Wood Arnold, trustee for the Kansas City Life Insurance Company, to secure one note for five hundred dollars ($500), due July 20, 1925, one note for five hundred dollars ($500), due July 20, 1927, and one note for sixty-five hundred dollars ($6,500), due July 20, 1928.

"That said defendant on said November 10, 1927, caused a pretended sale to be had, under said deed of trust, by the Sheriff of Jackson County, Missouri, at Kansas City, as substitute trustee, at which sale said defendant received a trustee's deed for said property in consideration of a pretended bid of four thousand dollars ($4,000); that for a long time prior to and at the time of the advertisement and sale aforesaid the said Addie I. Young was, and ever since has been, insane, of unsound mind and incapable of attending to her business affairs, and at all times known so to be by the said Kansas City Life Insurance Company; that notwithstanding the said Kansas City Life Insurance Company had knowledge of the insanity of the said Addie I. Young, and disregarding her rights and interests in the premises, caused said pretended sale to be made without actual notice to said Addie I. Young, and without having a guardian appointed for her to represent her interests in the premises. That prior to and during the time said advertisement notice of foreclosure was being published friends interested in the said Addie I. Young were attempting to refinance the property covered by said deed of trust, and would have been successful if there had been anyone with legal authority to act for the said Addie I. Young, all of which facts were well known to the said defendant, Kansas City Life Insurance Company; that the said Kansas City Life Insurance Company having full knowledge of all of said facts represented to said friends of said Addie I. Young, who were interesting themselves in her behalf, that it would go ahead with said foreclosure proceeding and would buy the property in at said trustee's sale, and that then a guardian could be appointed to represent the said Addie I. Young, and that upon said guardian's refinancing said loan it, the said Kansas City Life Insurance Company, would gladly re-convey the property covered by said deed of trust to said guardian for the benefit of the said Addie I. Young.

"That by reason of said statements and representations made by the said Kansas City Life Insurance Company the friends of the said Addie I. Young, who were attempting to protect her interests,

ceased active and immediate efforts to prevent said sale taking place, relying upon the Kansas City Life Insurance Company's promises and agreements as aforesaid.

"Plaintiff further states that after he was appointed guardian for said Addie I. Young, as aforesaid, said defendant, Kansas City Life Insurance Company, wholly failed and refused to re-convey said property as it had theretofore promised and agreed, and failed and refused to cooperate with said guardian in re-financing said property, or in any way saving to said Addie I. Young, her equity in said property.

"Plaintiff further states that the advertisement notice of the trustee's sale of the property aforesaid was prepared and published by defendant, Kansas City Life Insurance Company, and said notice stated and represented that default 'had been made in the payment of installment of principal and interest on the note described in a deed of trust executed by Addie I. Young, a single woman, to Wood Arnold, trustee, dated July 20, 1923,' etc.; that said advertisement was false and misleading in that the said original deed of trust secured three principal promissory notes; that none of said notes was payable in installments; that it was impossible to tell from said notice for what debt or obligation said property was being sold, and said advertisement was so inaccurate, uncertain, deceptive and misleading that the same tended to deter and chill bidding at the sale.

"That by reason of the facts aforesaid defendant was enabled to and did at said trustee's sale bid in the property aforesaid at the totally inadequate price of $4,000, whereas the said property was actually worth at least $12,000.

"That at the time of said sale the said Addie I. Young was occupying said premises as her home, and that she continued to occupy the same thereafter with her household goods until on or about June 29, 1928, when the said defendant, without right or authority of law, forcibly removed her goods from said premises.

"Plaintiff further states that in pursuance of the pretended sale aforesaid, John L. Miles, Sheriff of Jackson County, Missouri, as substitute trustee, executed a certain trustee's deed to the Kansas City Life Insurance Company, pretending to convey said premises; which said trustee's deed was dated November 10, 1927, and recorded in the Office of the Recorder of Deeds of Jackson County, Missouri, at Kansas City, in Book B-2796, at page 597, which said trustee's deed, because of the facts aforesaid, is invalid and void and should be set aside and for naught held.

"Wherefore, plaintiff prays that the said sale and trustee's deed be decreed to be null and void and of no effect, and that the same be set aside and for naught held, and that the plaintiff, Addie I. Young,

be restored to the possession of said premises, and that the court decree to the plaintiff such other and further relief as to the court may seem just and proper in the premises."

The defendant demurred to the petition, among other things, on the ground that it did not state facts sufficient to sustain a cause of action. That demurrer was sustained. The plaintiff declining to plead further elected to stand upon the petition and the court rendered judgment in favor of the defendant. The plaintiff, January 28, 1929, appealed.

It will be seen that the petition attempts to state two grounds for recovery, each requiring a different remedy. The first, she seeks to have the court order defendant to reconvey the property to her; a second, she seeks to set aside the trustee's sale of the land in foreclosure.

I. This alleged parol contract on its face appears to be within the Statute of Frauds.

The contract upon which the plaintiff relies is thus stated in the petition:

". . . that the said Kansas City Life Insurance Company having full knowledge of all of said facts represented to said friends of said Addie I. Young, who were interesting themselves in her behalf, that it would go ahead with said foreclosure proceeding and would buy the property in at said trustee's sale, and that then a guardian could be appointed to represent the said Addie I. Young, and that upon said guardian's refinancing said loan it, the said Kansas City Life Insurance Company, would gladly re-convey the property covered by said deed of trust to said guardian for the benefit of the said Addie I. Young."

In support of the plaintiff's position counsel cite cases where a deed absolute upon its face is held to be a mortgage. The transaction here is lacking in the elements which characterize an equitable mortgage of that character. Counsel, however, assert that this is a constructive trust which may be established by parol.

It will be noted in the first place there is no consideration for the alleged agreement.

It is alleged that the defendant, upon said guardian's refinancing said loan, would gladly reconvey. Stretching the meaning of that expression to the utmost limit favorable to the plaintiff we may infer that "refinancing" means acquisition of funds and repayment of the debt for which the mortgage was foreclosed. The plaintiff does not agree to refinance nor pay the debt; is under no obligation to perform any condition upon which the defendant would be obliged to reconvey the property. It is entirely optional with the plaintiff as to whether she may perform or not. The contract is unilateral.

[41 C. J. 1. c. 326.] So the transaction is neither an equitable mortgage with the right to redeem, nor a constructive trust with a right to repurchase, there being no obligation to repurchase. [Constant v. Simon, 303 Mo. 1. c. 211.]

A constructive trust does not arise on a mere failure to perform an agreement. It must have its basis in fraud, either actual or constructive. [Ferguson v. Robinson, 258 Mo. 1. c. 129-130.] The case cited by appellant, O'Day v. Annex Realty Company, 191 S. W. 41, is a case where there was actual fraud. The agent of the plaintiff attacked the title and attempted to hold it contrary to the trust relation with which he was charged. There is no allegation in the petition here of fraud, nor of any facts indicating fraud. The petition goes on to say that by reason of the statements and representations, that is that the defendant would gladly reconvey, the plaintiff did not attempt to protect her interest. There is no allegation of a misrepresentation of fact, but merely of a broken voluntary promise.

II. The petition further seeks to set aside the sale on the ground that the advertisement did not correctly state the facts about the three promissory notes. Of course anyone seeking to buy would naturally consult the mortgage. The notes and mortgage are not set out, nor does the petition specifically point out where nor how the sale notice would be misleading. The petition says only that it was so inaccurate as to be deceptive and misleading and thereby "tended to deter and chill bidding at the sale;" that it therefore brought an inadequate price of $4,000, whereas the property was actually worth $12,000. There is no allegation of fraud in that. The allegation of an inadequate price is somewhat neutralized by the fact that the mortgage secured, as stated in the petition, amounted to $7,500, and the price was not so inadequate as to shock the conscience and require setting aside the sale. Furthermore, the petition does not place the plaintiff in a position to have the sale set aside. There is no offer to redeem. The plaintiff can have the sale set aside only by an offer to redeem by paying the debt, which perhaps the plaintiff might do if she could carry out the scheme to refinance the property. There is no allegation to the effect that she by that means or any other was ready and able to redeem.

The judgment accordingly is affirmed. All concur.