Anna Mae GUNNING, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. et al., Respondents.

No. 40365.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Application to Transfer Denied
June 10, 1980.

Kurt D. Breeze, Pannell, Dodson & Robinson, Festus, for appellant.

Ben Ely, Jr., Kortenhof & Ely, Nicholas G. Gasaway and Mark T. Stoll, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, K. Steven Jones, St. Louis, Bruce H. Beckett, Columbia, for respondents.

DOWD, Presiding Judge.

Anna Mae Gunning, herein plaintiff, appeals from a summary judgment rendered against her in an action to recover $10,-000.00 damages resulting from injuries sustained in an automobile collision.

On or about August 12, 1973, plaintiff was injured while a passenger in an automobile involved in a collision. The driver of the automobile in which she was riding was uninsured and as such, came within the terms of plaintiff's insurance policy purchased from State Farm Mutual Automo-bile Insurance Company (hereinafter State Farm). Pursuant to the terms of the policy State Farm entered into a contract with the plaintiff whereby State Farm promised to pay the defendant $10,000.00 for injuries sustained in the collision. In return for this commitment the plaintiff signed a release as to State Farm. On October 12, 1973, State Farm issued a draft payable to "William J. Gunning and Anna Mae Gunning, individually and as husband and wife." Mr. Gunning took possession of the check and deposited it for collection in a joint checking account belonging to plaintiff and her then husband in the Farmers Bank of Antonia (hereinafter Farmers Bank). Both Gunnings were authorized to write checks on that account and withdraw funds from it. The evidence indicates that Mr. Gunning applied $4,975.86 of these funds toward the payment of Mrs. Gunning's medical bills. In further disbursement of these funds Mr. Gunning paid himself $2,250.00 for acting as his wife's nurse during her recuperative period after the car accident. Mr. Gunning also gave his wife approximately $400.00 from this fund as living expenses. These amounts paid from the $10,000.00 draft issued by State Farm equal approximately $7,625.00. Also, Mrs. Gunning withdrew $1000.00 from the joint savings account about the time the $10,000.00 settlement was made with State Farm.[1]

On November 29, 1973 Mrs. Gunning filed her petition for divorce from Mr. Gunning. In her petition, plaintiff alleged that her husband, as defendant, "collected a sum of money from an insurance company based upon personal injuries sustained by plaintiff and has failed and refused to advise plaintiff of the amount recovered and/or its present whereabouts." She further stated in her affidavit in support of her request for maintenance that her husband had other means including $10,000.00 paid to him by State Farm Mutual Automobile Insurance Company.

1. This withdrawal was made October 9, 1973 and the $10,000.00 settlement check was deposited October 13, 1973.

At the divorce hearing, Mrs. Gunning testified on direct examination that as a result of negotiations with her husband she was willing to settle her support and maintenance claims for $3,500.00. When questioned by opposing counsel as to her understanding of the settlement she stated that she realized that she could not come into court again and ask for more money.

The court granted the divorce as well as maintenance in gross in the amount of $3,500.00 plus attorney's fees on November 17, 1975. The judgment was satisfied by Mr. Gunning on December 11, 1975.

On January 24, 1975, Mrs. Gunning filed suit against State Farm alleging a breach of their contract in that they agreed to pay her $10,000.00 and had not paid. State Farm's answer pleaded plaintiff's release as to State Farm and payment by State Farm to Mr. Gunning, plaintiff's husband at the time of the payment. On December 13, 1977, plaintiff filed her amended petition naming Farmers Bank and First National Bank and Trust Company of Columbia (herein First Bank) as codefendants with State Farm. Upon motions supported by affidavits the trial court granted summary judgment as to State Farm and Farmers Bank. Plaintiff filed a motion to expunge the record and reenter the judgment requesting that the court grant a summary judgment as to all defendants in order that there be a final and therefore appealable judgment. The motion was granted.

Plaintiff's only point on appeal is that the trial court erred in granting the summary judgment because the plaintiff's satisfied judgment against her husband for maintenance in gross was not conclusively shown to have been a judgment of liability the satisfaction of which was sufficient to release State Farm, Farmers Bank and First Bank as joint tortfeasors with plaintiff's husband. Plaintiff did not implead her former spouse as a joint tortfeasor in either her original or her amended petition.

■ A summary judgment is an extreme remedy in that it denies plaintiff her day in court. *Weber v. Les Petite Academies, Inc.*, 490 S.W.2d 278, 279 (Mo.App. 1973). A summary judgment is proper, therefore, only when the court determines from the pleadings, depositions, and affidavits on file that there are no material issues of fact and that the movants are entitled to a judgment as a matter of law. *O'Leary v. McCarty*, 492 S.W.2d 124, 129 (Mo.App. 1973). We review the record in the light most favorable to the party against whom the motion was sustained and determine if a genuine issue of fact exists. *Weber v. Les Petite Academies, Inc., supra* at 280.

■ The only fact issue raised by the plaintiff in this case is the question of whether she received her share of the $10,-000 check issued by State Farm. The account given by both Mr. and Mrs. Gunning by deposition as to the disbursement of the funds makes it clear that she did receive her share. This evidence alone is sufficient to support a finding that there is no material issue of fact to be decided. Any further doubts in this regard are dispelled by the fact that the plaintiff alleged in her petition for divorce that her husband had in his possession the $10,000.00 check. Obviously the plaintiff considered the $10,000.00 check as part of the marital estate and sought an accounting and disposition of it in the dissolution proceeding. The transcript of the divorce proceedings in which plaintiff first complained of not receiving her share of the check indicates that the court entered a judgment pursuant to an agreement between the parties in which Mrs. Gunning settled all claims against her husband for $3,500.00. The judgment entered by consent of the parties was within the court's jurisdiction and should be given the same force as any other judgment. *McDougal v. McDougal*, 279 S.W.2d 731, 738–739 (Mo. App.1955). The settlement agreement approved and entered by the court was reasonable and not contrary to the law; thus it is binding on the plaintiff. *Ebinger v. Ebinger*, 573 S.W.2d 738, 740 (Mo.App. 1978); *Landau v. Landau*, 71 S.W.2d 49, 50 (Mo.App.1934). Plaintiff may not now relitigate the issue of whether she received her share of the check; she is bound by her agreement made in the prior suit to settle

that and other claims for $3,500.00. The law will not allow plaintiff to be satisfied twice for a single wrong. *State ex rel. Mather v. Carnes,* 551 S.W.2d 272, 289 (Mo. App.1977). The satisfaction by Mr. Gunning of the $3,500.00 judgment against him removes the only issue raised by Mrs. Gunning, that of whether she received her share of the $10,000.00 check. Removal of this issue leaves no material issues of fact to be decided and entitles the movants to a judgment as a matter of law. *O'Leary v. McCarty, supra* at 129.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.