Fred BRINKOP, Jr.,
Plaintiff–Respondent,

v.

Henry A. WINKLER and Betty Mae Winkler, Defendants–Appellants.

No. 41482.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Henry Winkler, pro se.

Edward C. Schneider, Anthony M. Gioia, St. Louis, for plaintiff–respondent.

DOWD, Presiding Judge.

Defendants, Henry and Betty Winkler, appeal from a summary judgment rendered in favor of plaintiff.

■ The lengthy series of litigation which resulted in this appeal commenced in 1972 with an unlawful detainer action filed against a Mr. Euge by Brinkop. Judgment was rendered in favor of Brinkop for damages and Euge appealed filing a supersedeas bond which named defendants herein as sureties. Euge lost on appeal and did not satisfy the judgment for damages. Brinkop then sought satisfaction of his judgment from the sureties, Winklers, and obtained a default judgment against them. The Winklers had the cause reinstated, Brinkop moved for a summary judgment supported by affidavit which was granted.[1] The Winklers now appeal and have filed a pro se brief which we do not find helpful.

■ This court is required to review the judgment granting Brinkop's motion in the light most favorable to the Winklers to determine the existence of any genuine issue of fact and to determine whether Brinkop was entitled to a judgment in his favor

as a matter of law. *Gunning v. State Farm*, 598 S.W.2d 479 (Mo.App.1980).

■ We have carefully read and considered the transcript as well as the various exhibits filed with this court. We find no genuine issue of material fact in the record and find plaintiff, Brinkop, entitled to a judgment as a matter of law. As an extended opinion would afford no precedential value we summarily affirm the judgment of the trial court pursuant to Rule 84.16(b).

REINHARD and CRIST, JJ., concur.

---

1. The Winklers failed to file counter affidavits. The allegations made in an affidavit based on personal knowledge which are filed in support of a motion for summary judgment are deemed

admitted if not denied by the opposing party. *Seliga Shoe Stores v. City of Maplewood*, 558 S.W.2d 328, 331 (Mo.App.1977).