The FARMERS STATE BANK, a Corporation, CAMERON, Mo., Plaintiff-Appellant,

v.

Myrtle A. BURNETT, Defendant-Respondent.

No. 24200.

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1965.

J. B. Beavers, Cameron, for appellant.

J. K. Owens, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff filed its petition in equity on the theory that the facts in this case established the existence of a constructive trust. It prayed that the land, described in the petition, be impressed with a lien in its favor in the sum of $3,350.00, and that the lien be foreclosed. Defendant filed an answer. Judgment was for defendant and plaintiff appealed.

All of the evidence received was offered by plaintiff, including testimony of defendant.

Plaintiff was, at all times mentioned in evidence, engaged in the general banking business, and John R. Burnett, deceased, the former husband of defendant, was a depositor of plaintiff. Defendant was never a depositor of plaintiff and had no legal interest in her husband's bank account.

On and prior to January 22nd, 1952, Mr. Burnett had on deposit, in his checking account, in excess of $3,400.00. On the above mentioned date he signed and delivered to S. S. Porter his check, drawn on his account with plaintiff, in the sum of $3,350.00, in full payment of the balance of the purchase price of a piece of real estate at that time deeded to him and defendant by Mr. Porter. The check was duly presented to plaintiff and was by it paid. However, through an error on the part of plaintiff's employees, payment was charged to the account of a depositor other than Mr. Burnett. Plain-

tiff reimbursed the other depositor in the amount of $3,350.00. There remained in Mr. Burnett's account more than $3,350.00 until he closed it and withdrew all money on March 16th, 1953. Mr. Burnett died in May, 1954, after which time defendant sold the Porter property and bought another home. This latter real estate is the property which plaintiff seeks to have impressed with a lien in its favor. Plaintiff's evidence was to the effect that it failed to learn of the error which gave rise to this lawsuit until late in 1954 or early 1955. This suit was instituted in 1961, after plaintiff had endeavored, without success, to persuade defendant to pay the amount involved, over a period of six years.

In Little v. Mettee, 338 Mo. 1223, 93 S.W. 2d 1000, 1005, the court declared that, whether it be a resulting or a constructive trust, an extraordinary degree of proof is required to establish it; that the evidence must be so cogent, clear, unequivocal and positive as to banish doubt from the mind of the chancellor; that there must remain in his mind no reasonable doubt. At page 1008 the court said:

"* * * *Fraud,* actual or constructive, is an *essential element* in the creation or existence of a constructive trust. Young v. Kansas City Life Ins. Co., 329 Mo. 130, 43 S.W.(2d) 1046; Norton v. Norton (Mo.Sup.) 43 S.W.(2d) 1024; Ferguson v. Robinson, 258 Mo. 113, 167 S.W. 447; 65 C.J. p. 455. Defendants had no knowledge, either actual or constructive, of plaintiff's right or interest, if any, and there is no showing upon which they can be charged with fraud, either actual or constructive, * * *."

In Wier v. Kansas City, 356 Mo. 882, 204 S.W.2d 268, 270, the court said:

"* * * Similarly expressed, a constructive trust is the method or formula used by a court of equity as a means of effecting *restitution* or of *rectifying* a situation where, as a result of the *viola-*

*tion of confidence or faith reposed in another, or fraudulent act or conduct of such other,* the plaintiff, who seeks the aid of equity, has been wrongfully deprived of, or has lost some title, right, equity, interest, expectancy, or benefit, in the property *which otherwise and but for such fraudulent or wrongful act or conduct, he would have had.* Suhre v. Busch, 343 Mo. 679, 123 S.W.2d 8. See, also, Restatement of the Law of Restitution, Sec. 160, p. 640 et seq. * * *."

Mr. Burnett practiced no fraud on plaintiff. Defendant had no knowledge of any mistake in charging the check against someone other than Mr. Burnett until after his death. The undisputed facts fail to establish the existence of a constructive trust at any time.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.