Alice FILLINGAME, et al., Respondents,

v.

Anna McCOY, et al., (Hazel Ehlers) Appellants.

No. 43489.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 4, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied Nov. 10, 1981.

Roy W. Brown, Kansas City, for appellants.

Greg Kessler, St. Louis, Robert Blanke, Olivette, for respondents.

CRIST, Presiding Judge.

Appeal from a denial of Ehlers' motion to set aside a default judgment. We affirm.

Ehlers claims defective service deprived the trial court of jurisdiction to proceed. Ehlers acknowledges personal service, but claims the summons was not valid because served more than 30 days after its issuance. Rule 54.21.

The summons was first issued on February 3, 1978. It could not be served because it was improperly addressed. On March 1, 1978, the trial court granted plaintiffs' motion for a ninety-day extension of time for service pursuant to Rule 54.21. The address was corrected and Ehlers was served March 14, 1978, well within the ninety-day extension.

The trial court's order extending time for service was not entered into the record due to some clerical failure. On the day the cause was called, August 8, 1980, the trial court attempted to correct the record with a nunc pro tunc order. This order was lost en route to the record. Finally, on December 19, 1980, the trial court succeeded in correcting the record by its nunc pro tunc order to show the March 1st extension and the August 8th nunc pro tunc order.

Ehlers has raised no challenge to the nunc pro tunc order of December 19th.

The legal file before this court, as amended by the December 19th order, shows an extension of time for service was timely granted. Personal service was obtained on March 14, 1978. The record, therefore, is regular on its face.

■ Generally, process that has not been served expires and becomes functus officio on the return day thereof and thereafter confers no authority, unless by virtue of some statute or of some act of the court itself, the authority is extended. *State v. Hawkins*, 361 S.W.2d 852, 857 (Mo.App. 1962). Here the court granted an extension of time for service.

■ Ehlers relies on irregularity on the face of the record to set aside the default. Rule 74.32. The record before us is not irregular, hence the trial court properly denied her motion.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.