

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| NEW LLC, | ) | |
| | ) | |
| Respondent, | ) | WD82325 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | November 12, 2019 |
| MIKE BAUER, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Justine E. Del Muro, Judge

Before Division One:  Edward R. Ardini, Jr., Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

Mike Bauer ("Bauer") appeals from a judgment denying his Rule 74.06(b)(4)[1] motion to set aside a default judgment entered in favor of New LLC as void for want of personal and subject matter jurisdiction.  Because Bauer sustained his burden to establish that the summons relied on to effect service of process on him had expired and had not been extended, the trial court lacked personal jurisdiction to enter a default judgment.  The

---

[1]All rule references are to the Missouri Supreme Court Rules (2017), unless otherwise indicated.

judgment denying Bauer's Rule 74.06(b)(4) motion is reversed, and this matter is remanded for further proceedings consistent with this opinion.

## Factual and Procedural Background

On April 20, 2017, New LLC filed a petition alleging that it had been hired by Bauer to perform stucco work on property Bauer owned in Kansas City, Missouri ("real property"), and that Bauer had refused to pay $26,295, the outstanding balance owed for the work. Count One sought to declare New LLC's mechanic's lien to be a first and prior lien on the real property, and to foreclose the mechanic's lien. Count Two sought a personal judgment against Bauer in the amount of $26,295, plus interest, costs, and fees, on a theory of breach of contract.

New LLC filed a motion to appoint Earl Clayton Ruhl ("Ruhl") as a special process server. New LLC filed a request for an alias summons[2] on May 4, 2017. On May 18, 2017, the trial court granted the motion for appointment of a special process server and issued an alias summons. On June 28, 2017, New LLC filed another request for an alias summons, which was issued on June 29, 2017.

On August 30, 2017, New LLC filed a return of the summons. The return was signed by Ruhl. The return indicated the summons was being returned "non est," a Latin term meaning "could not be found." In the portion of the return describing service efforts, Ruhl directed the trial court to "see [his] attached summary of attempted service." Ruhl's summary stated:

---

[2]An "alias summons" is simply another summons.

2

I, Earl Clayton Ruhl, a court approved process [server] (PPS17-0637), was employed by Attorney Rick Davis to serve court papers to Mr. Mike Bauer at 13230 SE Raytown [Road], Kansas City, MO. Upon arriving at [the] given address I discovered that it was a very large house under construction and no one lived there. I talked to a neighbor who lived across the street. I told him who I was and why I was there. He informed me that he was a lawyer and knew Mike Bauer. He told me that Mr. Bauer would make every attempt to avoid me and if I did make contact, he would deny being Mr. Bauer. The neighbor also told me Mr. Bauer drove a white Ford [F]-150 pickup a couple of years old. I relayed this information to Mr[.] Davis.

A few days later Mr. Davis e-mailed me with the correct address of Mr. Bauer's residence at Loch [Lloyd] Country Club. I traveled to the new address and upon arrival I observed two cars in an open garage and two vehicles parked in the driveway[,] one of which was a white Ford [F]-150 a couple years old. I rang the doorbell and knocked and waited 5 to 10 minutes with no response. Over the course of about 45 minutes I repeated this 3 times without success. I emailed Mr. Davis about my progress and left the premises. I returned to Mr. Bauer's home four more times with no success. On one of these visits I was questioned by a security patrol guard who said he was a retired police officer and gave me a card and told me to call a Mr[.] Joe Hays, also a retired police officer, who knew of Mr. Bauer's arrivals because Mr. [Hays] worked the late shift. I called this number over the course of several days and always got a recording from the property manager. On August 17th I went back to [the] Loch Lloyd guard shack to see if I had the correct phone number. I did not and the guard gave me the correct one and gave me permission to go to Mr. Bauer's home. Still no response so I left Loch Lloyd. At this time I thought that since I was just a few minutes from the construction site I might be able to catch Mr. Bauer there. Arriving at the Raytown Rd. address, the gates were open and there were . . . No Trespassing signs posted so I drove down the road to the parking area. I saw two vehicles there. One was painters who were just leaving and the other a white Ford [F]-150 pickup. The remaining man quickly walked away from me. I waited a few minutes and then walked to the front of the house where I saw the same man on a bobcat hauling gravel. He came within ten feet of me and I asked if he was Mr. Bauer. The man looked at me and quickly drove away. I returned to my vehicle and waited about 45 minutes. Not seeing the man return to the pile of gravel that was near my vehicle, I e-mailed Mr[.] Davis and proceeded to leave the construction site. I was stopped by a man in his mid[-]twenties with a very large Rottweiler dog in his car. He told me he was asked by Mr. Bauer to watch over the site and neighbors had called him about a red Jeep (my vehicle) suspiciously park[ed] there. I thought this [was] strange since I was parked in [the] back of [the]

3

house and the lot was so large that no neighbors could possibly see my Jeep. The "caretaker" of the house ordered me to leave because he was going to lock the gate. I left and again e-mailed Mr. Davis.

Relying on Ruhl's summary in his return of service, New LLC filed a motion for default judgment on September 20, 2017. New LLC argued that Bauer made a concerted effort to avoid and refuse Ruhl's attempts at service on August 17, 2017, and that pursuant to Rule 54.20(f), the refusal of service constituted valid service of process. New LLC then argued that Bauer was in default, as he had not timely answered the petition within thirty days of service on August 17, 2017.

The trial court entered a default judgment on October 3, 2017, in favor of New LLC and against Bauer in the amount of $26,295, plus the costs of the action, attorney fees in the amount of $1,324, and post-judgment interest at the statutory rate ("default judgment"). The default judgment also declared that New LLC had a valid first and prior lien against the real property in the same amount, and authorized New LLC to request a *fieri facias* pursuant to section 429.250[3] to order a sale and conveyance of the real property.

On July 7, 2018, Bauer filed a motion to set aside the default judgment ("motion to set aside") pursuant to Rule 74.06(b)(4). Bauer argued that the default judgment was void because it was entered without personal jurisdiction. Bauer argued that the June 29, 2017 summons expired on July 30, 2017, thirty days after it was issued. Bauer thus argued that attempts at service after that date were ineffective to confer personal jurisdiction. Bauer acknowledged that pursuant to Rule 54.21, the effectiveness of a summons can be extended

---

[3]All statutory references are to RSMo 2016 as supplemented through April 20, 2017, the date New LLC filed its petition against Bauer, unless otherwise indicated.

4

by court order for up to ninety days after the summons is issued, but argued that New LLC never sought or secured an order extending the summons. The motion further argued that because New LLC failed to register as a foreign limited liability company pursuant to section 347.153, it was prohibited by section 347.163 from maintaining a suit or action in Missouri courts.

In response to the Rule 74.06(b)(4) motion, New LLC argued that Rule 54.21 authorizes the time for service of a summons to be extended from thirty to ninety days by order of the court, but does not require a written motion requesting an extension or a formal order granting an extension. New LLC noted that Bauer was served between the thirtieth and sixtieth day after issuance of the June 29, 2017 summons. New LLC argued that when the trial court found in its October 3, 2017 default judgment that "Defendant was validly served pursuant to [Rule] 54.20(f)," the trial court was effectively extending the time for service of the summons from thirty to ninety days pursuant to Rule 54.21. New LLC also argued that Bauer was aware of the default judgment given successful efforts to garnish a small amount of money from one of Bauer's bank accounts and to levy against real property Bauer owned. New LLC did not address Bauer's assertion that the default judgment should be set aside because New LLC had not registered in the State of Missouri as a foreign limited liability company.

On August 6, 2018, the trial court entered a summary order denying Bauer's Rule 74.06(b)(4) motion. Bauer filed a motion to reconsider on August 29, 2018. The motion to reconsider briefly repeated the argument that the default judgment was void because the trial court did not have personal jurisdiction over Bauer. The motion to reconsider

5

expanded on the argument addressing New LLC's failure to register as a foreign limited liability company, and claimed that as a result, the trial court lacked subject matter jurisdiction over New LLC's action.

On October 24, 2018, the trial court entered an order denying Bauer's motion to reconsider. The order made no findings or conclusions regarding personal jurisdiction, but did expressly find that New LLC had the legal capacity to sue in the state of Missouri because it was not obligated to register as a foreign limited liability company.

On December 4, 2018, Bauer filed a motion asking the trial court to denominate the August 6, 2018 order as a judgment for purposes of appeal.[4] The trial court granted the motion on December 18, 2018, and declared that the August 6, 2018 order should have been delineated a judgment ("Judgment").[5]

Bauer's premature notice of appeal, which had been filed on November 29, 2019, was treated by this court as a timely filed notice of appeal.

## Standard of Review

We ordinarily review the denial of a Rule 74.06(b) motion for abuse of discretion. *Henry v. Piatchek*, 578 S.W.3d 374, 377-78 (Mo. banc 2019). However, whether a

---

[4]Bauer also filed a motion asking the trial court to designate its October 24, 2018 order denying the motion to reconsider a judgment. This motion was denied.

[5]The trial court further ordered that the August 6, 2018 order be delineated a "judgment nunc pro tunc" and ordered that "[n]othing in the content or date [be] changed." Doing so was improper and was not effective to create a Rule 74.01(a) judgment. *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003), *overruled on other grounds by Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 761-62 (Mo. banc 2019). "[T]he nunc pro tunc mechanism is only available to correct clerical errors, not judicial errors." *Id.* However, as our Supreme Court concluded in *Brooks*, it was clear that the trial court intended to finalize the judgment for purposes of appeal when it entered the denominated "nunc pro tunc" judgment on December 18, 2018. Thus, "the denomination of the order as a judgment on that date satisfied Rule 74.01(a), and the characterization of the entry as nunc pro tunc is considered mere surplusage." *Id.*

6

judgment should be vacated because it is void is a question of law that we review *de novo*. *Morris v. Wallach*, 440 S.W.3d 571, 575 (Mo. App. E.D. 2014).

**Analysis**

Bauer raises two points on appeal which allege, respectively, that it was error to deny his Rule 74.06(b)(4) motion to set aside the default judgment as void because the trial court had neither personal jurisdiction over him to enter the default judgment, nor subject matter jurisdiction to entertain New LLC's action.

Rule 74.06 governs relief from judgments. Rule 74.06(b) provides that the trial court "may relieve a party or his legal representative from a final judgment or order for the following reasons: . . . (4) the judgment is void . . . ." "Because courts favor finality of judgments, the concept of a void judgment is narrowly restricted." *Morris*, 440 S.W.3d at 576. A judgment is void under Rule 74.06(b)(4) only if the trial court lacked subject matter jurisdiction, lacked personal jurisdiction over the defendant, or entered the judgment in a manner inconsistent with due process. *Forsyth Fin. Grp., LLC v. Hayes*, 351 S.W.3d 738, 740 (Mo. App. W.D. 2011). A party may seek relief from a void judgment pursuant to Rule 74.06(b) at any time. *Id.* "It is well-established that, with respect to a motion to set aside a default judgment under Rule 74.05(a), '[t]he movant . . . bears the evidentiary burden of proving entitlement to the relief requested.'" *Ground Freight Expeditors, LLC v. Binder*, 407 S.W.3d 138, 141 (Mo. App. W.D. 2013) (quoting *Coble v. NCI Bldg. Sys., Inc.*, 378 S.W.3d 443, 447 (Mo. App. W.D. 2012)). "[This] principle[] appl[ies] with equal--if not greater--force . . . where [a defendant] file[s] a motion to set aside the default judgment under Rule 74.06(b)(4)." *Id.* at 141, 143 (noting that placing the burden on the

7

party filing a Rule 74.06(b)(4) motion is warranted as such a motion can be filed years after a judgment is entered).

*Point One: Personal Jurisdiction*

Bauer's first point on appeal argues that it was error to deny his Rule 74.06(b)(4) motion to set aside the default judgment because the trial court did not have personal jurisdiction over Bauer, rendering the default judgment void.  Bauer claims that the summons Ruhl relied on to attempt service on August 17, 2017 had expired, rendering attempted service on that date ineffective to secure personal jurisdiction over Bauer.[6]

"[P]ersonal jurisdiction refers . . . to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009)).  A challenge to the trial court's personal jurisdiction is simply an argument that "the constitutional principle of due process bars [the court] from affecting the rights and interests of a particular person, whether such a 'person' be an individual or an entity such as a corporation." *Id.*  "'Service of process is a predicate to the trial court's jurisdiction to adjudicate the rights of the defendant, and when the requirements for manner of service are not met, the court lacks the power to adjudicate.'" *Scholz v. Schenk*, 489 S.W.3d 306, 309 (Mo. App. W.D. 2016) (quoting *Manzella v. Dorsey*, 258 S.W.3d 501, 504 (Mo. App. E.D. 2008)).

---

[6]Bauer's point on appeal also asserts that the summons had no legal authority because the trial court's order granting New LLC's motion for appointment of a special process server failed to name the person who the trial court appointed to serve process.  However, Bauer has failed to support this assertion in the argument portion of his brief with relevant authority or argument.  As such, we deem the argument abandoned on appeal. *See Martin v. Summers*, 576 S.W.3d 249, 257 n.12 (Mo. App. W.D. 2019).

8

Rule 54 governs the issuance and service of summons in civil actions. Rule 54.01(a)-(b) provides that, upon the filing of a pleading necessitating service of process, the clerk of the court must issue the required summons and deliver it to the sheriff or other person specially appointed to serve the summons. Then, in the case of an individual within the state, personal service on the individual must be made:

> by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Rule 54.13(b)(1). However, if the person to be served "refuse[s] to receive copies thereof, the offer of the server to deliver copies thereof, and such refusal, when these facts are shown on the server's return, shall constitute proof of service." Rule 54.20(f). Bauer does not argue that the facts set forth in Ruhl's return of service were insufficient to establish refused service of process pursuant to Rule 54.20(f). Instead, Bauer argues that whatever his actions on August 17, 2017, Ruhl's attempts to serve him were a legal nullity because the summons he was attempting to serve had expired.

A summons is not perpetually effective after its issuance. Rule 54.21 requires that that the person receiving a summons must serve the summons and make return of service "promptly." The Rule further provides that "[i]f the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue *by order of the court*." (Emphasis

9

added.) "Process not served within 30 days becomes *functus officio* and confers no authority thereafter, unless the court extends the time." *Orange v. Harrington*, 649 S.W.2d 930, 934 (Mo. App. E.D. 1983) (citing *Fillingame v. McCoy*, 622 S.W.2d 344, 345 (Mo. App. E.D. 1981)).

Bauer's refusal of service of the June 29, 2017 alias summons occurred on August 17, 2017, and thus more than thirty days and less than ninety days after issuance of the summons. The trial court possessed the authority pursuant to Rule 54.21 to extend the effectiveness of the June 29, 2017 summons from thirty to ninety days. However, unless the trial court in fact exercised this authority, Ruhl's attempts to serve Bauer on August 17, 2017, were pursuant to a summons that had no legal effect.

Bauer argues that there is no indication on the court's docket sheet of either a formal motion filed by New LLC requesting an extension of the effectiveness of the June 29, 2017 summons, or of a formal order entered by the trial court affording that relief. Unlike other rules promulgated by the Missouri Supreme Court, Rule 54.21 is silent about whether a formal motion is required as a condition to the trial court's exercise of its authority to extend the effectiveness of a summons.[7] We need not resolve, however, whether a formal motion requesting the extension of a summons is required before a trial court can afford such relief.

---

[7]*See, e.g.*, Rule 51.03(a) (allowing for a change of venue in a civil action "upon the filing of a written application therefor"); Rule 51.05(a) (allowing a change of judge in a civil action "upon the timely filing of a written application therefor"); Rule 52.12(a)-(b) (allowing intervention in a civil action "[u]pon timely application"); Rule 52.13(a)(1) (allowing the trial court to order substitution of a party who dies "upon motion" in civil actions); Rule 55.03(e) (allowing counsel to withdraw from a not completed civil action "with leave of court after filing a motion to withdraw"); Rule 56.01(d) (allowing the trial court in a civil action to order the sequence of discovery "upon motion, for the convenience of parties and witnesses and in the interests of justice"); Rule 61.01 (giving the trial court authority in a civil action to issue discovery sanctions "upon motion "); Rule 65.03 (allowing the trial court to continue a civil matter upon "written motion").

Rule 54.21 plainly requires an order of the court affording such relief. No such order was ever entered by the trial court before the June 29, 2017 summons' initial thirty-day return date, or during the sixty-day extension period authorized by Rule 54.21.[8]

New LLC's opposition to Bauer's Rule 74.06(b)(4) motion[9] appears to concede that the trial court never entered an order extending the summons during the up to ninety-day effectiveness period authorized by Rule 54.21. New LLC instead argued in opposition to the Rule 74.06(b)(4) motion that the trial court's finding in its October 3, 2017 default judgment that Bauer had been validly served pursuant to Rule 54.20(f) was a tacit order extending the effectiveness of the June 29, 2017 summons from thirty to ninety days.

It strains logic to suggest that the trial court's express finding that Bauer was validly served under Rule 54.20(f) requires or permits the conclusion that the trial court was commensurately entering an order extending the effectiveness of the June 29, 2017 summons from thirty to ninety days pursuant to Rule 54.21. Even if such a conclusion could be reached, the October 3, 2017 default judgment was entered more than ninety days

---

[8]We do not decide whether a trial court is required to enter an order extending a summons pursuant to Rule 54.21 before the summons' initial thirty-day expiration, or is instead permitted to enter an order extending a summons at any time within the authorized ninety-day extension period. *See Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990) (holding that under Rule 29.15, the discretion of the motion court to extend the time to file an amended motion must be exercised within the time the amended motion is initially due); *cf. Federhofer v. State*, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015) (citing *Volner v. State*, 253 S.W.3d 590, 592 (Mo. App. S.D. 2008) (holding that a request filed by appointed counsel five days after the initial time limit for filing a post-conviction motion was timely if filed "within the thirty-day extension period" a trial court was authorized to grant); *see also* Rule 44.01(b) (addressing the trial court's authority to expand time periods); *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 825-26 (Mo. banc 2014) (holding that a trial court has no authority to grant an extension of time for a non-moving party to file a response to a summary judgment after the time to do so has expired); *Gilstrap v. Gordon*, 319 S.W.2d 278, 279 (Mo. App. 1958) (holding that a trial court can extend the time for filing the transcript on appeal by an order entered after expiration of the initial time for filing the transcript, so long the extension is ordered within the maximum extension period permitted by Rule).

[9]New LLC was not required to, and did not, file a respondent's brief in this appeal. However, we have been aided by the arguments made by New LLC to the trial court, and have considered all of those arguments in connection with this appeal.

after the June 29, 2017 summons had been issued. New LLC's opposition to Bauer's Rule 74.06(b)(4) motion cited no support for the proposition that a trial court can enter an order retroactively extending a summons after the maximum ninety-day effectiveness period authorized by Rule 54.21 has expired.

New LLC's opposition to Bauer's Rule 74.06(b)(4) motion did cite to *Fillingame v. McCoy*, where service was had during the period between thirty and ninety days after a summons was issued but where the trial court's order extending the effectiveness of the summons was not entered on the record until after the ninety-day period authorized by Rule 54.21 had expired. 622 S.W.2d at 344. *Fillingame* does not aid New LLC for several reasons. First, *Fillingame* held that "process that has not been served expires and becomes functus officio on the return day thereof" unless the authority is extended, suggesting that any extension of a summons must occur before the initial thirty-day return date.[10] *Id.* at 345. Second, in *Fillingame*, a motion for an extension of the summons was filed and the motion was granted **before** the initial thirty-day return date had expired. *Id.* at 344. However, "[t]he trial court's order extending time for service was not entered into the record due to some clerical failure," and a subsequent *nunc pro tunc* order issued by the trial court to correct the record was "lost en route to the record." *Id.* Under these unique and unusual circumstances, our Eastern District found that a movant failed to establish "an irregularity on the face of the record" sufficient to set aside a default judgment. *Id.* at 345. *Fillingame* does not, however, authorize a trial court to enter an order extending the

---

[10]We do not decide this issue. *See supra* note 8.

12

effectiveness of a summons after the ninety-day period authorized by Rule 54.21. Thus, even if the October 3, 2017 default judgment could be fairly construed as an order extending the effectiveness of the June 29, 2017 summons from thirty to ninety days, the order was not lawful as it was entered after the trial court had the authority to afford Rule 54.21 relief.

New LLC's opposition to Bauer's Rule 74.06(b)(4) motion also argued that Bauer had to have known about New LLC's pending lawsuit, and about the default judgment that had been entered, well in advance of the date he filed his Rule 74.06(b)(4) motion because of Ruhl's service efforts and because of New LLC's successful efforts to execute on the default judgment. New LLC did not argue, however, that Bauer waived the defense of lack of personal jurisdiction by affirmatively submitting himself to the court's jurisdiction. *See, e.g.*, *C.J.G. v. Mo. Dep't of Soc. Servs.*, 219 S.W.3d 244, 248 (Mo. banc 2007) ("A claim of lack of personal jurisdiction may be waived when a defendant makes no motion or pleadings on the issues but otherwise subjects himself to the jurisdiction of the court."). In fact, nothing in the record indicates that Bauer made an appearance of any kind in connection with New LLC's action, either before or after entry of the default judgment, until he filed his Rule 74.06(b)(4) motion. New LLC's argument is merely a complaint that Bauer knew about New LLC's action and the default judgment, but elected to do nothing until the Rule 74.06(b)(4) motion was filed. The defense of lack of personal jurisdiction is not waived by nonappearance or failure to act. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982) (holding that a defendant "is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that

judgment on jurisdictional grounds in a collateral proceeding"); *Crouch v. Crouch*, 641 S.W.2d 86, 90 (Mo. banc 1982) (holding that nonappearance cannot serve as the basis to find waiver of the defense of personal jurisdiction, and that a party is free to ignore proceedings if the party believes the trial court does not have personal jurisdiction).

The trial court's Judgment denying Bauer's Rule 74.06(b)(4) motion to set aside the default judgment as void for want of personal jurisdiction is legally erroneous. Bauer's first point on appeal is granted.[11]

### *Point Two: Subject Matter Jurisdiction*

Bauer's second point on appeal argues that it was error to deny his Rule 74.06(b)(4) motion to set aside the default judgment as void because the trial court did not have subject matter jurisdiction. Though technically this point on appeal is rendered moot by our disposition of the first point on appeal, we address the merits of the point because the issue raised will remain relevant on remand.

Bauer claims that under section 347.153, New LLC was obligated to obtain a certificate of authority as a foreign corporation in order to conduct business in Missouri, and that New LLC's failure to do so precluded it from maintaining a proceeding in any court of Missouri pursuant to section 347.163. Bauer argues that as a result, the trial court did not have subject matter jurisdiction over New LLC's action.

---

[11]At the conclusion of his discussion of the first point on appeal, Bauer argues that Ruhl's attempted service did not comply with Rule 54.20(f) because Ruhl never attempted to hand the summons and petition to Bauer, citing *Walker v. Gruner*, 875 S.W.2d 587 (Mo. App. E.D. 1994). This argument is not captured in Bauer's first point relied on. "'We do not review arguments and issues raised in the argument under a point that are not fairly encompassed by that point.'" *Douglass v. Douglass*, 570 S.W.3d 130, 137 n.9 (Mo. App. W.D. 2019) (quoting *Johnson v. Mo. Dep't of Corr.*, 534 S.W.3d 869, 873 (Mo. App. W.D. 2017)).

Bauer's argument conflates New LLC's statutory authority to pursue litigation in the state of Missouri with the trial court's subject matter jurisdiction over a civil lawsuit brought by New LLC. Subject matter jurisdiction is "the court's authority to render a judgment in a particular category of case" and is governed by the state's constitution. *Webb*, 275 S.W.3d at 253. "Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and places within the circuit as determined by the circuit court.'" *Id.* at 253-54. Under Article V, section 14 of the Missouri Constitution, the trial court clearly had subject matter jurisdiction over New LLC's suit against Bauer, a civil suit seeking foreclosure on a mechanic's lien and alleging breach of contract. As such, the default judgment was not void under Rule 74.06(b)(4) for want of subject matter jurisdiction. *See Hollins v. Capital Sols. Invs. I, Inc.*, 477 S.W.3d 19, 25 (Mo. App. E.D. 2015) (concluding that a trial court had no legal basis to set aside a default judgment under Rule 74.06(b)(4) because the motion to set aside argued that the petition failed to state a claim for which relief could be granted, an argument that, pursuant to *Webb*, did not challenge the trial court's subject matter jurisdiction).

Bauer's second point on appeal is denied.[12]

---

[12]In addition, we note that Bauer did not challenge on appeal the trial court's conclusion that New LLC was not obligated to register as a foreign limited liability corporation.

15

**Conclusion**

The trial court's Judgment denying Bauer's Rule 74.06(b)(4) motion is reversed because the default judgment was entered without personal jurisdiction and is void. This matter is remanded to the trial court with instructions to set aside the default judgment, and for further proceedings consistent with this opinion.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

16